**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AKAMAI TECHNOLOGIES, INC.,

    Plaintiff,

    v.

LIMELIGHT NETWORKS, INC.,

    Defendant.

Case No. 1:16-cv-10253-GAO
Case No. 1:16-cv-12624-GAO

**JURY TRIAL DEMANDED**

## AGREED PROTECTIVE ORDER

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Nothing in this Order implies anything with respect to whether a given piece of information should or should not be produced in discovery in this action. The Parties reserve all rights with respect to the scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of this Court, and all applicable law.

### 2.    DEFINITIONS

    2.1.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2.   <u>"CONFIDENTIAL" Information or Items</u>: information that qualifies for protection under Federal Rule of Civil Procedure 26(c), including

information that a Producing Party, including any Party to this action and any Non-Party producing information or material voluntarily or pursuant to a subpoena or a court order, considers in good faith to constitute confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

2.3. <u>Counsel</u>: Designated House Counsel and Outside Counsel of Record (as well as the support staff of said Outside Counsel of Record).

2.4. <u>Designated House Counsel</u>: two (2) House Counsel for each Receiving Party with responsibility for managing this litigation, who may have access to "CONFIDENTIAL" information.

2.5. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.6. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.8. <u>"HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY means CONFIDENTIAL INFORMATION that

constitutes proprietary marketing, financial, sales, web traffic, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, confidential information obtained from a Non-Party pursuant to a current Nondisclosure Agreement ("NDA"), CONFIDENTIAL INFORMATION relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party. In determining whether information should be designated as HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, each Party agrees to use such designation in good faith.

2.9. "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, metadata and configuration files necessary to the function of the computer code base, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10. House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12. Outside Counsel of Record: attorneys (including those admitted *pro hac vice*) who are not employees, officers, or directors of a Party to this action but are retained to represent or advise a Party with respect to this action and whose identities and affiliations have been disclosed to all Parties.

2.13. Party: any party to this action, including all of its officers,

directors, employees, consultants, retained experts, and Counsel.

2.14. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY," or as "HIGHLY CONFIDENTIAL - SOURCE CODE."

2.17. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. For the avoidance of doubt, nothing in this Order shall be construed to prevent a Party from presenting evidence in Court including without limitation in

connection with a motion or at Trial.

## 4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1.  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is reasonably practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.  Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.,* second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" to each page that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery material that qualifies for protection under this Order.

A Party or Non-Party that makes original documents or materials (such as source code) available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE") to each page that contains Protected Material, or in the case of native documents, the Producing Party shall in some other way clearly designate Disclosure or Discovery material that qualifies for protection under this Order.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, trial or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions

of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, trial or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, trial or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Alternatively, the Protected Material may be identified prior to its use at a deposition, when such prior notice is not reasonably possible and any unauthorized individual may be asked to leave the deposition during discussions regarding the Protected Material. The use of a document as an exhibit at a deposition or other proceeding shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for

designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE."

(d)     for information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraphs 5.2(a)-(c), that the Producing Party inform the Receiving Party of the designation in writing.

5.3.    Failures to Designate.  If timely corrected, a failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order.   The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 7 business days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper.   The Designating Party may have 3 business days after the date of the conference to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the volume of documents whose designation is being challenged under this process is large, the timelines set forth above may be reasonably adjusted by agreement of the parties.

6.3     Judicial Intervention.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion for (a) a protective order under Federal Rule of Civil Procedure 26(c), or (b) impoundment in accordance with the Court's Local Rules, within 14 calendar days of the parties agreeing that the meet and confer process will not resolve their dispute.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.   No party shall make such a challenge for any improper purpose (*e.g.*, to harass, impose unnecessary expenses and burdens on other parties). Any challenge for improper purpose may be taken into account in addressing a request for sanctions. All

parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below ("FINAL DISPOSITION").

All produced Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to only the persons authorized under this Order, and in a manner that is no less secure than the Receiving Party stores its own Protected Material.

For avoidance of any doubt, no person receiving Protected Materials may use such Protected Materials for prosecuting or assisting in the prosecution of any patent application on behalf of the Receiving Party or its successor-in-interest, or in any continuation, divisional, substitute, or convention application, whether or not claiming priority from the asserted patents in this litigation, or any foreign counterpart thereof, whether or not such prosecution relates to the patents-in-suit in this case.

For avoidance of any doubt, no person receiving Protected Materials may use such Protected Materials in connection with any post-grant proceedings before the USPTO regardless of the proceedings' relationship to the patents-in-suit in this case.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) two (2) Designated House Counsel, who are members of at least one state bar in good standing, with responsibility for managing this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as support staff of said Designated House Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(c) two (2) Designated, non-lawyer, in-house employees of the Receiving Party, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but only insofar as it is necessary to the performance of their duties in connection with this litigation;

(d) the court and its personnel;

(e) jurors selected for trial in this Action;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(h) mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). In no event will mock jurors be shown such material more than three months prior to the scheduled trial date in this Action; and

(i) the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or any person whom the Producing Party agrees in writing or on the record at a deposition may be shown specific CONFIDENTIAL material. For the avoidance of doubt, such

agreement shall be presumed to relate only to specific CONFIDENTIAL material that is the subject of such agreement, and such agreement shall be presumed not to authorize continuing disclosure beyond the specific context of the agreement (such as during the conduct of a deposition).

7.3.    Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the court and its personnel;

(c)    jurors selected for trial in this Action;

(d)    court reporters and deposition videographers and their staff, professional jury or trial consultants who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and Professional Vendors (other than deposition videographers) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to whom disclosure is reasonably necessary for this litigation;

(e)    Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(f)    mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). In no event will mock jurors be shown such material more than three months prior to the scheduled trial date in this Action; and

(g)     the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information (or a deponent or witness who, from the face of a document containing the information or from other documents or testimony, appears to have authored, received, or otherwise possessed or known the information), or any person whom the Producing Party agrees in writing or on the record at a deposition may be shown specific CONFIDENTIAL material. For the avoidance of doubt, such agreement shall be presumed to relate only to specific CONFIDENTIAL material that is the subject of such agreement, and such agreement shall be presumed not to authorize continuing disclosure beyond the specific context of the agreement (such as during the conduct of a deposition).

7.3.1   Except as may be otherwise ordered by the court, any person may be examined as a witness at deposition and may testify concerning all Protected Material of which such person has prior knowledge.

7.4.    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.</u>

(a)     Information designated by the Producing Party under any category of Protected Material and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Experts (as defined in this Order) and their necessary support personnel.

(b)     No disclosure of Protected Material to an Expert shall occur until (i) that person has signed the form attached hereto as Exhibit A; (ii) a signed copy of such executed Exhibit A has been provided to the Producing Party; and (iii) to the extent there has been an objection under paragraph 7.4(c), that objection has been resolved as provided for below.

(c)     A Receiving Party desiring to disclose Protected Material to an

Expert shall also give prior written notice by email to the Producing Party, who shall have five (5) business days after such notice is given to object in writing. At the time the written notice is given, the Receiving Party desiring to disclose Protected Material to an Expert must provide, for each Expert to whom disclosure is sought, a curriculum vitae including or accompanied by the following information: name, address, education, current employer, employment history for the past ten (10) years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding ten (10) years, a listing of all books, journal articles, theses, and other papers published by the Expert within the preceding ten (10) years, and an identification of any patents or applications for patents in which the Expert is identified as an inventor or applicant, which the Expert is involved in the prosecution or maintenance thereof, or any patents or patent application in which the Expert has any pecuniary interest. No Protected Material shall be disclosed to such Expert(s) until after the expiration of the foregoing notice period.

(d)     A Party objecting to disclosure of Protected Material to an Expert shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting Party's consent to the disclosure of Protected Material to an Expert shall not be unreasonably withheld, and its objection must be based on that Party's good faith belief that disclosure of its Protected Material to the Expert may result in specific business or economic harm to that Party.

(e)     If after consideration of the objection, the Party desiring to disclose the Protected Material to an Expert refuses to withdraw the Expert, that Party shall provide notice to the objecting Party. Thereafter, the objecting Party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the ten (10) business day period shall operate as an approval of disclosure of the Protected Material to the Expert. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary

to abide by any discovery or briefing schedules.

The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Material to the Expert. This "good cause" shall include a particularized showing that: (1) the Protected Material is confidential commercial information, (2) disclosure of the Protected Material is likely to result in a clearly defined and serious injury to the objecting Party's business, and (3) the proposed Expert is in a position to allow the Protected Material to be disclosed to the objecting Party's competitors or there is a specific and substantiated reason to believe the Expert will contravene this Order, or (4) that the Expert's access to Protected Material may create other confidentiality or business risks in connection with other interests tied to the Expert.

**8.      Disclosure of HIGHLY CONFIDENTIAL - SOURCE CODE**

(a)      To the extent production of source code becomes necessary in this case, subject to the provisions below, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it constitutes confidential, proprietary or trade secret source code. If the confidential, proprietary or trade secret source code is included within, but does not comprise the entirety of, other documents or tangible things, then, to the extent reasonably practicable, only that portion of the document or tangible thing that constitutes confidential, proprietary or trade secret source code may be designated as "HIGHLY CONFIDENTIAL - SOURCE CODE."

(1)      Source Code, to the extent requested with particularity by the Receiving Party and agreed to be provided by the Producing Party, shall be made available in fully searchable, native electronic format for inspection at the offices of the Producing Party's Outside Counsel of Record in this action or at another location mutually agreed between the parties. Any future inspections will take place at the same site absent agreement of the parties. Source Code will be loaded or otherwise made available for viewing on two non-networked computers (except such connection(s) as are

necessary for the Producing Party to make the source code available) that are password protected and maintained in a secure, locked area. Use by the Receiving Party of any input/output device (*e.g.,* USB memory stick, CDs, floppy disk, printer, portable hard drive, etc.) is prohibited while accessing the computer containing the Source Code, with the exception that a mouse and keyboard may be used as necessary to view (but not edit) the source code. The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than 3 business days in advance of the requested inspection.

(2)     With respect to Akamai's source code, Akamai will make its source code available for inspection in its Linux (not a Windows) environment. Limelight's Outside Counsel of Record and/or Experts may request that other commercially available Linux software tools for viewing and searching (but not for editing) source code be installed for use in the Linux environment, in which case Limelight must provide Akamai with the CD or DVD containing such software tool(s) at least five business days in advance of the inspection. With respect to Limelight's source code, Akamai's Outside Counsel of Record and/or Experts may request that commercially available licensed software tools for viewing and searching (but not for editing) source code be installed for use on the secured computer, in which case Akamai must provide Limelight with the CD or DVD containing such software tool(s) at least five business days in advance of the inspection. The Producing Party will not unreasonably refuse to timely install the provided software on the computer containing Source Code.

(3)     The Receiving Party's Outside Counsel of Record and/or Expert shall be entitled to take notes relating to the source code but may not copy the source code into the notes. Such notes will at all times be treated by the Receiving Party as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials accessible only to those individuals specifically identified below. The Receiving Party's Outside Counsel

of Record and/or Expert may bring into the inspection room and use electronic equipment, including laptops that are reasonably necessary for taking such notes. In no event however shall any such equipment be connected to any network while in the inspection room. The Producing Party agrees to provide wired or wireless Internet access and a telephone land-line near the inspection room. Under no circumstances are Internet connected devices, cell phones, or cameras to be used in the inspection room. To the extent that the Receiving Party and/or its Experts bring such devices with them, Internet and wireless connectivity will be disabled on such devices while in the inspection room. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The Producing Party shall have no right to monitor the activities, writings, or discussions, of the Receiving Party within the Source Code review room, although the Producing Party shall have the right to monitor and log entrances and exits of reviewers to and from such room.

(4)     The Receiving Party may request pages of Source Code to be provided by the Producing Party, but only if and to the extent necessary. There shall be no presumed limit on the total number of requested pages. However, absent agreement or a showing of good cause, any given selection of source code to be provided under this provision shall not exceed fifty (50) contiguous pages. Further, the parties are not to use this request procedure for the convenience of their experts or outside counsel, i.e. to avoid the burden of conducting the primary source code review in the offices of opposing outside counsel. Within 3 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on an encrypted disk in a password-protected PDF bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below. The passwords to the disk and PDF should only be shared with Outside Counsel of record

and testifying Experts. The encrypted PDFs shall constitute part of the source code produced by the Producing Party in this action.

(5)     If the Producing Party objects that the requested portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within 3 business days. If after meeting and conferring the Producing Party and the Receiving Party cannot resolve the objection (where such meet and confer need not take place in person), the Receiving Party shall be entitled to seek a Court resolution of whether the requested source code in question is not reasonably necessary to any case preparation activity. Contested source code in PDF format need not be produced to the requesting Party until that matter is resolved by the Court.

(6)     Designated Outside Counsel of Record may maintain three (3) encrypted electronic copies of the produced PDF of Source Code on three (3) separate non-networked computers that are password protected with encrypted hard drives and maintained in a secure, locked area. The password to access these computers and PDF copies will be treated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY information, shared only with Outside Counsel and testifying Experts for the Receiving Party.

(7)     Designated Outside Counsel of Record's password-protected non-networked computers containing the three (3) electronic copies of produced PDFs of Source Code shall at all times be stored at the offices of Outside Counsel of Record for the Receiving Party, except that it may be transported to and viewed at (i) the site where any deposition is taken, for the purpose of questioning a deponent specified below as having access to Source Code about the source code contained therein; (ii) the office(s) of the Receiving Party's designated Expert(s); (iii) the Court for the purposes of a hearing or trial in which it is necessary to show the Court the source code contained therein; or (iv) any intermediate location necessary to transport the

information to a hearing, trial or deposition. To the extent that such password-protected non-networked computer must be transported it must be turned off for the duration of such transport.

(8) A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Producing Party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log referenced in section (c) below.

(9) Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session. Notwithstanding the foregoing, if it comes to the Producing Party's attention that any items are left in the room that the Producing Party reasonably believes may be or may contain work product and/or attorney-client privileged information, the Producing Party shall treat such items as work product and/or attorney-client privileged information and shall immediately notify the Receiving Party.

(10) The Receiving Party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The Receiving Party will not transmit any source code in any way from the location of the source code inspection.

(11) The Receiving Party may request, with reasonable prior notice, that a secured machine with Source Code and customary review tools be made available at depositions of individuals specified below as having access to Source Code.

(b) Only the following individuals shall have access to "HIGHLY

CONFIDENTIAL - SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)     Outside Counsel of Record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)     Up to three (3) outside Experts per Party, pre-approved in accordance with Paragraphs 7.4(a)-(f) and specifically identified as eligible to access Source Code in addition to up to five (5) necessary support personnel such as code reviewers who will be subject to the same disclosure and objection process as the Experts.  The parties may mutually agree to expand the number of support personnel;

(3)     The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action;

(4)     While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the Producing Party or original source of the information who has previously had direct access to the Source Code (in the case of a former officer, director, or employee, such access shall be limited to code that such former officer, director, or employee had the ability to access while still an officer, director, or employee of the Producing Party); (ii) any person designated by the Producing Party to provide testimony regarding the Source Code pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any other person who authored, previously received, or was directly involved in creating, modifying, or editing the source code, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(c)     The Receiving Party's Outside Counsel of Record shall maintain a daily log of all persons who have viewed the Source Code on the password protected,

standalone computers containing the produced PDF of Source Code;

        (d)    The Receiving Party may create an electronic or paper copy or image of excerpts of source code previously provided under Section 8(a)(4) in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. For instance, pleadings, expert reports, discovery, or other such documents may contain reasonable quotations of source code, identifying and briefly quoting named methods, functions, variables, and key operations thereof. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. Electronic documents containing such images or quotations must be stored on password-protected computers of Outside Counsel of Record or designated Experts. The communication and/or disclosure of electronic files or printed documents containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all copies of documents containing such authorized quotations or excerpts of Source Code must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE." Such documents may be transmitted electronically but only in secure form and only between individuals authorized under this Protective Order to access Source Code. Any printed copies of such documents shall be stored in a locked location at offices of Outside Counsel of Record or a designated Expert, except to the extent necessary for Court filings, depositions, hearings, trial, or the like. Additionally, there shall be a presumption that any Court filing containing Source Code shall be filed by the parties and maintained by the Court under seal.

        (e)    All copies of Source Code (including all files on the non-networked computers referenced in Paragraph 8(a)(6) above) shall be securely destroyed

if they are no longer in use. Source Code files that are designated as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. For the avoidance of doubt, this provision does not alter the parties' rights under the provisions below for Final Disposition with respect to the maintenance of copies of pleadings and other such documents containing Protected Material.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL - SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. If the Designating Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is received, such notice to be provided by overnight courier with delivery signature required, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, provided that the Party produce such documents subject to a protective order providing forms of protection similar to those provided under this Protective Order.

### 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    A Non-Party's use of this Order to protect its Protected Material does not entitle that Non-Party access to the Protected Material produced by any Party in this case.

(c)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(d)     If the Non-Party fails to both object and seek a protective order from this court within 10 business days of receiving the notice and accompanying information, the Receiving Party shall produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons, to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.   <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Production of documents or things containing Protected Material which are not designated as one or more of the three categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential

treatment. When a Producing Party gives notice in good faith to the Receiving Party that certain produced material is subject to a claim of privilege or other protection, the Receiving Party must promptly and, in no event later than one week after such notice, return or destroy the specified information and any copies it has and not use or disclose the information. In addition, the Receiving Party must take reasonable steps to retrieve the information if it disclosed it before being notified. In the event that the Receiving Party does not return or destroy the information within the one-week period identified above, the Producing Party may promptly present the information to the court under seal for a determination of the claim. Likewise, the Receiving Party may within the one-week period, present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the protective order submitted to the court. An agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection is binding on the parties to the agreement, but not on other parties unless the agreement is incorporated into a court order. Nothing in this section shall be used by the Producing Party to unduly or in bad faith delay the litigation.

**13. <u>MISCELLANEOUS</u>**

13.1. <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any Party or person to seek its modification by written agreement of the parties or by the court.

13.2. <u>Right to Assert Other Objections.</u> No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any

ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use at trial of any of the material covered by this Protective Order.

13.3. Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4. No Protective Material May Leave the United States of America. No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "HIGHLY CONFIDENTIAL - SOURCE CODE," may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

13.5. Filing Protected Material. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Material, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file any Protected Material in the public record (i.e., in any filing that is not sealed) in this action.

13.6.    <u>Examination of Non-Party.</u>  If a Non-Party is deposed pursuant to this Agreement concerning Protected Material, any person other than the witness, his or her attorney(s), or any person otherwise qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the Producing Party shall request that the attorney provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.   In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

13.7.    <u>Right To Advise.</u>  Nothing herein shall preclude Outside Counsel of Record from using Protected Material to consult with, advise or counsel the Party it represents, provided, however, that nothing in this section 13.6 shall be construed to permit disclosure of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE otherwise prohibited by this Order.

13.8.    This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

13.9.     The court in this action is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record.   The court in this action retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provision of this Order following termination of this litigation.   All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the court that presides over this action.

**14.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or certify in writing that it has destroyed such material.   Destruction shall include destroying all electronic files, email, attachments, and messages including any Protected Material (including Source Code) as part of the purge of such Protected Material from electronic storage media.   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.   Notwithstanding this provision, no party shall be required to return or destroy any Protected Material that may exist on any disaster recovery backup system. Any such archival and/or backup copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

Outside Counsel of Record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed

with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, or to Outside Counsel of Record except as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as HIGHLY CONFIDENTIAL - SOURCE CODE, the provisions of Paragraph 8 are controlling to the extent those provisions differ from this paragraph.

### 15.   CROSS-USE PROVISION

The Parties agree that all documents produced by either Party in *Limelight Networks, Inc. v. XO Commc'ns, LLC*, Case No 3:15-cv-720-JAG, in the United States District Court for the Eastern District of Virginia (the "Virginia Case") under the Protective Order entered in that case, shall be deemed produced in this litigation under the same confidentiality designations and protections that applied when the documents were produced in the Virginia Case. The Parties also agree that outside counsel may have access to and use in this litigation the following categories of Protected Materials from the Virginia Case: (a) all court filings and attachments, including those filed under seal; (b) all deposition and hearing transcripts and exhibits; (c) all expert reports; and (d) all discovery responses. Nothing in this paragraph shall be deemed as an admission by either Party that any document produced pursuant to this paragraph is admissible as evidence at trial or in any other proceeding.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address, including company name if applicable], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Massachusetts on _____ [date] in the case of Akamai Technologies, Inc. v. Limelight Networks, Inc., 16-cv-10253-GAO and 16-cv-12624-GAO. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                   [signature]

30

**IT IS SO ORDERED**

DATED: __April 26, 2017_____          __/s/ George A. O'Toole, Jr._____
United States District Judge